IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**ERNEST TERRELL FRIAR, JR.**                                                           **PLAINTIFF**
**ADC #660122**

v.                       **Case No: 3:21-cv-00192-KGB**

**NEWPORT POLICE DEPARTMENT**, *et al*.                           **DEFENDANTS**

## ORDER

Plaintiff Ernest Terrell Friar, Jr., currently incarcerated at the Jackson County Detention Center, filed his *pro se* complaint under 42 U.S.C. § 1983 on September 13, 2021 (Dkt. No. 1). Mr. Friar sued the Newport Police Department; Jackson County Detention Center; Newport Police Officer Brian Bickel; Parole Officers Jason Burton and Tiffany Jackson; and other unidentified parties (*Id.*). Mr. Friar, however, has not paid the $402.00 filing fee or filed an application to proceed *in forma pauperis*.

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Prior to filing this lawsuit on September 13, 2021, Mr. Friar filed at least three actions that were dismissed for failing to state a claim upon which relief may be granted. *See Friar v. Jackson County Sheriff Department*, Case No. 1:14-cv-97-BSM (E.D. Ark.); *Friar v. Jackson County Sheriff Department*, Case No. 1:16-cv-27-BSM (E.D. Ark.); and *Friar v. Wrightsville Unit*, Case No. 4:17-cv-00486-SWW (E.D. Ark.). Nevertheless, Mr. Friar may proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule. *See* 28 U.S.C. § 1915(g)

(providing that three strikers should be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"); *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (explaining that the exception applies only if the prisoner is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient").

As the Court understands Mr. Friar's claims, he alleges that Mr. Bickel, Mr. Burton, and Ms. Jackson were wrongfully allowed to continue their employment with their respective employers after Mr. Friar filed a lawsuit against them; Mr. Friar maintains their continued employment put him in danger, but he provides no specific factual allegations in support of his claim (Dkt. No. 1, at 3-10).  Mr. Friar also alleges double jeopardy and false imprisonment (*Id*., at 10-11).  No allegations in Mr. Friar's complaint indicate that he is in imminent danger of serious physical injury.  Accordingly, the imminent danger exception does not apply.  *Dilworth,* 147 F.3d at 717.  Further, the Court notes Mr. Friar's only requested relief is release from jail.  The relief Mr. Friar requests is not available in this § 1983 case.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

The Court dismisses Mr. Friar's case due to his failure to pay the filing fee.  Mr. Friar will have 30 days to reopen this case by paying the $402.00 filing fee in full.

It is therefore ordered that:

1. The Court dismisses Mr. Friar's complaint without prejudice.
2. Mr. Friar has 30 days from the date of this Order in which to reopen this case by paying the $402.00 filing fee in full; he should include a reference to this case and its case number along with the filing fee payment.

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

So ordered this 4th day of January, 2022.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge